IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


TERESA MAE LEWIS,

          Plaintiff,

vs.                             Case No. 15-9892-SAC

CAROLYN W. COLVIN,
Acting Commissioner of
Social Security,

          Defendant.


MEMORANDUM AND ORDER

This is an action reviewing the final decision of the Commissioner of Social Security denying the plaintiff disability insurance benefits. The matter has been fully briefed by the parties.

## I.  General legal standards

The court's standard of review is set forth in 42 U.S.C. § 405(g), which provides that "the findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive." The court should review the Commissioner's decision to determine only whether the decision was supported by substantial evidence and whether the Commissioner applied the correct legal standards. Glenn v. Shalala, 21 F.3d 983, 984 (10th Cir. 1994). Substantial evidence requires more than a scintilla, but less than a preponderance, and is satisfied by

1

such evidence that a reasonable mind might accept to support the

conclusion.  The determination of whether substantial evidence

supports the Commissioner's decision is not simply a

quantitative exercise, for evidence is not substantial if it is

overwhelmed by other evidence or if it really constitutes mere

conclusion.  Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).

Although the court is not to reweigh the evidence, the findings

of the Commissioner will not be mechanically accepted.  Nor will

the findings be affirmed by isolating facts and labeling them

substantial evidence, as the court must scrutinize the entire

record in determining whether the Commissioner's conclusions are

rational.  Graham v. Sullivan, 794 F. Supp. 1045, 1047 (D. Kan.

1992).  The court should examine the record as a whole,

including whatever in the record fairly detracts from the weight

of the Commissioner's decision and, on that basis, determine if

the substantiality of the evidence test has been met.  Glenn, 21

F.3d at 984.

The Social Security Act provides that an individual shall

be determined to be under a disability only if the claimant can

establish that they have a physical or mental impairment

expected to result in death or last for a continuous period of

twelve months which prevents the claimant from engaging in

substantial gainful activity (SGA).  The claimant's physical or

mental impairment or impairments must be of such severity that

they are not only unable to perform their previous work but

cannot, considering their age, education, and work experience,

engage in any other kind of substantial gainful work which

exists in the national economy.  42 U.S.C. § 423(d).

The Commissioner has established a five-step sequential

evaluation process to determine disability.  If at any step a

finding of disability or non-disability can be made, the

Commissioner will not review the claim further.  At step one,

the agency will find non-disability unless the claimant can show

that he or she is not working at a "substantial gainful

activity."  At step two, the agency will find non-disability

unless the claimant shows that he or she has a "severe

impairment," which is defined as any "impairment or combination

of impairments which significantly limits [the claimant's]

physical or mental ability to do basic work activities."  At

step three, the agency determines whether the impairment which

enabled the claimant to survive step two is on the list of

impairments presumed severe enough to render one disabled.  If

the claimant's impairment does not meet or equal a listed

impairment, the inquiry proceeds to step four, at which the

agency assesses whether the claimant can do his or her previous

work; unless the claimant shows that he or she cannot perform

their previous work, they are determined not to be disabled.  If

the claimant survives step four, the fifth and final step

requires the agency to consider vocational factors (the

claimant's age, education, and past work experience) and to

determine whether the claimant is capable of performing other

jobs existing in significant numbers in the national economy.

Barnhart v. Thomas, 124 S. Ct. 376, 379-380 (2003).

The claimant bears the burden of proof through step four of

the analysis.  Nielson v. Sullivan, 992 F.2d 1118, 1120 (10th

Cir. 1993).   At step five, the burden shifts to the

Commissioner to show that the claimant can perform other work

that exists in the national economy.  Nielson, 992 F.2d at 1120;

Thompson v. Sullivan, 987 F.2d 1482, 1487 (10th Cir. 1993).  The

Commissioner meets this burden if the decision is supported by

substantial evidence.  Thompson, 987 F.2d at 1487.

Before going from step three to step four, the agency will

assess the claimant's residual functional capacity (RFC).  This

RFC assessment is used to evaluate the claim at both step four

and step five.   20 C.F.R. §§ 404.1520(a)(4), 404.1520(e,f,g);

416.920(a)(4), 416.920(e,f,g).

## II.  History of case

On April 24, 2014, administrative law judge (ALJ) Christine

A. Cooke issued her decision (R. at 19-30).  Plaintiff alleges

that she has been disabled since June 9, 2009 (R. at 19).

Plaintiff is insured for disability insurance benefits through

December 31, 2012 (R. at 21).[1]  At step one, the ALJ found that

plaintiff did not engage in substantial gainful activity from

June 9, 2009 through December 31, 2012 (R. at 21).  At step two,

the ALJ found that plaintiff had severe impairments (R. at 22).

At step three, the ALJ determined that plaintiff's impairments

do not meet or equal a listed impairment (R. at 23).  After

determining plaintiff's RFC (R. at 23), the ALJ found at step

four that plaintiff is able to perform past relevant work as a

proofreader (R. at 28).  In the alternative, at step five, the

ALJ found that plaintiff could perform other jobs that exist in

significant numbers in the national economy (R. at 28-29).

Therefore, the ALJ concluded that plaintiff was not disabled (R.

at 30).

**III.  Did the ALJ err in her mental RFC findings?**

At step two, the ALJ found that plaintiff's mental

impairments, although medically determinable, were non-severe

(R. at 22-23).  The ALJ gave great weight to the opinions of Dr.

Altomari, a state agency psychologist, who opined on January 10,

2013 that plaintiff's mental impairments did not impose severe

work-related limitations prior to the date last insured (R. at

27, 103-104).[2]

---

[1] An ALJ had issued a previous decision that plaintiff was not disabled from June 9, 2009 through May 7, 2012 (R. at 129-145).  Thus, the only issue before the ALJ in this case was whether plaintiff was disabled from May 8, 2012 through December 31, 2012, the date she was last insured (R. at 21).

[2] On March 12, 2013, Dr. Wilkinson also found that plaintiff's mental impairments did not impose severe work related limitations (R. at 118-119).

Plaintiff alleges that the ALJ did not state that in making her RFC findings she considered all of plaintiff's impairments, including impairments that were not severe.  However, in her decision, the ALJ did in fact state that in making RFC findings, the ALJ must consider all of plaintiff's impairments, including impairments that are not severe (R. at 20).  In discussing the evidence in regards to her RFC findings, the ALJ discussed the opinions of Dr. Altomari, and gave great weight to his opinion that plaintiff's mental impairments imposed no severe work-related limitations.  That opinion was supported by the opinion of Dr. Wilkinson.

The court will not reweigh the evidence or substitute its judgment for that of the Commissioner.  Hackett v. Barnhart, 395 F.3d 1168, 1173 (10th Cir. 2005); White v. Barnhart, 287 F.3d 903, 905, 908, 909 (10th Cir. 2002).  Although the court will not reweigh the evidence, the conclusions reached by the ALJ must be reasonable and consistent with the evidence.  See Glenn v. Shalala, 21 F.3d 983, 988 (10th Cir. 1994)(the court must affirm if, considering the evidence as a whole, there is sufficient evidence which a reasonable mind might accept as adequate to support a conclusion).  The court can only review the sufficiency of the evidence.  Although the evidence may support a contrary finding, the court cannot displace the agency's choice between two fairly conflicting views, even

though the court may have justifiably made a different choice
had the matter been before it de novo.  Oldham v. Astrue, 509
F.3d 1254, 1257-1258 (10th Cir. 2007).

Plaintiff does not point to any medical or medical opinion
evidence that plaintiff's mental impairments resulted in
limitations not contained in the ALJ's RFC findings.  The court
finds that substantial evidence supports the ALJ's RFC
determination that plaintiff's mental impairments do not result
in any limitations other than those contained in the ALJ's RFC
findings.

**IV.  Did the ALJ err in her physical RFC findings?**

The opinions of physicians, psychologists, or psychiatrists
who have seen a claimant over a period of time for purposes of
treatment are given more weight than the views of consulting
physicians or those who only review the medical records and
never examine the claimant.  The opinion of an examining
physician is generally entitled to less weight than that of a
treating physician, and the opinion of an agency physician who
has never seen the claimant is entitled to the least weight of
all.  Robinson v. Barnhart, 366 F.3d 1078, 1084 (10th Cir. 2004).
When a treating source opinion is inconsistent with the other
medical evidence, the ALJ's task is to examine the other medical
source's reports to see if they outweigh the treating source's
reports, not the other way around.  Treating source opinions are

given particular weight because of their unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations.  If an ALJ intends to rely on a nontreating physician or examiner's opinion, he must explain the weight he is giving to it.  Hamlin v. Barnhart, 365 F.3d 1208, 1215 (10th Cir. 2004).  The ALJ must provide a legally sufficient explanation for rejecting the opinion of treating medical sources in favor of non-examining or consulting medical sources.  Robinson, 366 F.3d at 1084.

A treating physician's opinion about the nature and severity of the claimant's impairments should be given controlling weight by the Commissioner if well supported by clinical and laboratory diagnostic techniques and if it is not inconsistent with other substantial evidence in the record. Castellano v. Secretary of Health & Human Services, 26 F.3d 1027, 1029 (10th Cir. 1994); 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2).  When a treating physician opinion is not given controlling weight, the ALJ must nonetheless specify what lesser weight he assigned the treating physician opinion.  Robinson v. Barnhart, 366 F.3d 1078, 1083 (10th Cir. 2004).  A treating source opinion not entitled to controlling weight is still entitled to deference and must be weighed using all of the following factors:

(1) the length of the treatment relationship and the frequency
of examination;
(2) the nature and extent of the treatment relationship,
including the treatment provided and the kind of examination or
testing performed;
(3) the degree to which the physician's opinion is supported by
relevant evidence;
(4) consistency between the opinion and the record as a whole;
(5) whether or not the physician is a specialist in the area
upon which an opinion is rendered; and
(6) other factors brought to the ALJ's attention which tend to
support or contradict the opinion.

Watkins v. Barnhart, 350 F.3d 1297, 1300-1301 (10th Cir. 2003).

    After considering the above factors, the ALJ must give good

reasons in his/her decision for the weight he/she ultimately

assigns the opinion.  If the ALJ rejects the opinion completely,

he/she must then give specific, legitimate reasons for doing so.

Watkins, 350 F.3d at 1301.

    The ALJ found that plaintiff is limited to carrying 20

pounds occasionally and 10 pounds frequently.  She cannot lift

or carry objects above chest level, and could push or pull less

than 5 pounds, and never above chest level.  Plaintiff can sit

for 6 hours, and stand/walk for 6 hours in an 8 hour workday.

She cannot climb ladders, ropes, or scaffolding, or crawl.  She

cannot reach above shoulder level with her upper extremities.

Plaintiff (who is right handed) could never engage in hard

repetitive grasping, such as would be required to use pliers or

open a sealed jar, with her left upper extremity.  She can

occasionally climb stairs or ramps, kneel, and crouch (R. at 23-

24, 66).  With these limitations, the ALJ, in reliance on VE

testimony, found that plaintiff could perform past work as a

proofreader, and other work that exists in substantial numbers

in the national economy (R. at 28-29, 66-67).

The key issue here is whether the ALJ erred in the relative

weight accorded to the various medical opinions.  On March 12,

2013, Dr. Kaur, a state agency physician, reviewed the medical

record.  He opined that plaintiff was limited to lifting and

carrying 10 pounds.  He further opined that plaintiff should

avoid repetitive handling with the left upper extremity due to

carpal tunnel syndrome (R. at 120-123).  The ALJ did not include

these limitations in her RFC findings, and gave the opinions of

Dr. Kaur only some weight because, according to the ALJ,

plaintiff's treating orthopedist (Dr. Katta) showed plaintiff

did not have the same level of limitations on lifting as

suggested by Dr. Kaur (R. at 27).

However, a review of Dr. Katta's records cited to by the

ALJ (R. at 373, 376) do not express any opinions regarding

plaintiff's ability to lift or carry, or her ability to handle

with her left upper extremity.  In the case of Ringgold v.

Colvin, 2016 WL 1297817 at *4 (10th Cir. April 4, 2016), the

court held that conclusory reasoning, which did not explain how

or why the specific limitations in Dr. Crall's opinion are

inconsistent with the medical evidence or with her daily

10

activities, was inadequate to explain the ALJ's rejection of the
medical opinion.

Defendant's brief cited to certain pieces of the report
from Dr. Katta, which, in defendant's opinion, might support the
ALJ's decision to discount some of the limitations expressed by
Dr. Kaur (Doc. 13 at 8-9), while plaintiff's brief cited to
other portions of the same report by Dr. Katta, which, in
plaintiff's opinion, might support the limitations set forth by
Dr. Kaur (Doc. 16 at 2).  However, nothing in Dr. Katta's report
specifically addresses plaintiff's ability to lift or carry, or
her ability to handle with the left upper extremity.
Furthermore, the ALJ failed to explain how the limitations in
Dr. Kaur's report are inconsistent with the report of Dr. Katta.
Such conclusory reasoning, on the facts of this case, failed to
provide a legitimate basis for discounting the opinions of Dr.
Kaur.[3]

Furthermore, the ALJ failed to give any explanation for not
including Dr. Kaur's limitation of avoiding repetitive handling
with the left upper extremity.  If the RFC assessment conflicts
with an opinion from a medical source, the ALJ must explain why

---

[3] It should also be noted that an ALJ's decision should be evaluated based solely on the reasons stated in the
decision.  Robinson v. Barnhart, 366 F.3d 1078, 1084 (10th Cir. 2004).  A decision cannot be affirmed on the basis
of appellate counsel's post hoc rationalizations for agency action.  Knipe v. Heckler, 755 F.2d 141, 149 n.16 (10th
Cir. 1985).  A reviewing court may not create post hoc rationalizations to explain the Commissioner's treatment of
evidence when that treatment is not apparent from the Commissioner's decision.  Grogan v. Barnhart, 399 F.3d
1257, 1263 (10th Cir. 2005).  By considering legal or evidentiary matters not considered by the ALJ, a court risks
violating the general rule against post hoc justification of administrative action.  Allen v. Barnhart, 357 F.3d 1140,
1145 (10th Cir. 2004).

the opinion was not adopted.  SSR 96-8p, 1996 WL 374184 at *7.

SSR rulings are binding on an ALJ.  20 C.F.R. § 402.35(b)(1);

Sullivan v. Zebley, 493 U.S. 521, 530 n.9, 110 S. Ct. 885, 891

n.9, 107 L. Ed.2d 967 (1990); Nielson v. Sullivan, 992 F.2d

1118, 1120 (10th Cir. 1993).  The ALJ clearly failed to comply

with SSR 96-8p.

As noted above, Dr. Kaur opined that plaintiff should avoid

repetitive handling with his left upper extremity due to carpal

tunnel syndrome.  In his testimony, the vocational expert (VE)

was asked if plaintiff could perform her past relevant work or

the other jobs that the VE had previously identified that

plaintiff could perform in light of the ALJ's RFC findings if

plaintiff had the additional limitation of the need to avoid

repetitive handling on the left side.  The VE was further told

that repetitive handling was meant to include frequent handling.

The ALJ answered that a person who had to avoid repetitive or

frequent handling on the left side could not perform past work

or the three other jobs previously identified as other work that

plaintiff could perform given the RFC findings of the ALJ (R. at

68-69).

Furthermore, the other work identified as work that

plaintiff could perform given the ALJ's RFC findings were three

jobs in the light work category (R. at 29, 67), which requires

the ability to occasionally lift and carry up to 20 pounds

occasionally.  20 C.F.R. § 404.1567(b).  However, Dr. Kaur

limited plaintiff to only lifting and carrying up to 10 pounds

(R. at 120).

Because of the ALJ's failure to provide legitimate reasons

for discounting the opinions of Dr. Kaur regarding plaintiff's

ability to lift and carry, and plaintiff's need to avoid

repetitive handling with her left upper extremity, the court

finds that substantial evidence does not support the ALJ's

physical RFC findings.  Furthermore, the opinions of Dr. Kaur

and the testimony of the VE indicate that substantial evidence

does not support the ALJ's determination that plaintiff can

perform past work as a proofreader or other work that exists in

substantial numbers in the national economy.

Furthermore, Dr. Katta provided a report dated March 26,

2014 stating that plaintiff was limited to lifting and carrying

10 pounds, can stand/walk for less than 2 hours in an 8 hour

workday, and must periodically alternate sitting and standing to

relieve pain or discomfort.  Plaintiff can engage in no postural

activities (R. at 458-459).  The ALJ gave this opinion no weight

as it did not address the relevant period (R. at 28) (plaintiff

was last insured for benefits on December 31, 2012).

However, in the case of Baca v. Department of Health and

Human Services, 5 F.3d 476, 479 (10th Cir. 1993), the court held

that evidence bearing upon an applicant's condition subsequent

to the date upon which the earning requirement was last met is pertinent evidence in that it may disclose the severity and continuity of impairments existing before the earning requirement date or may identify additional impairments which could reasonably be presumed to have been present and to have imposed limitations as of the earning requirement date (in Baca, the court held that medical records within fourteen months of the expiration of claimant's insured status should have been considered; 5 F. 3d at 479). Given the fact that Dr. Katta was treating plaintiff prior to the expiration of disability insurance benefits, and the opinion of Dr. Kaur, who also limited plaintiff to lifting and carrying 10 pounds prior to the expiration of disability insurance benefits (R. at 119-123), the ALJ erred by giving no weight to these opinions by Dr. Katta.

The ALJ also gave no weight to the opinions of Dr. Schicker, who examined plaintiff on October 12, 2013 and set forth opinions regarding plaintiff's limitations (R. at 27, 388-399). On remand, this opinion should also be examined to determine if it discloses the severity of impairments before the expiration of insured benefits. Furthermore, the ALJ clearly erred by giving the opinion no weight (R. at 27), but then relying on that same opinion to state that the use of the cane was not medically necessary (R. at 26).

14

Finally, the ALJ gave very little weight to the opinions of Dr. Lyche, plaintiff's treating physician, because he "did not address specific functional limitations imposed by the symptoms of claimant's impairments" (R. at 28).  However, Dr. Lyche indicated that plaintiff is "severely limited in [her] ability to walk at least 100 feet due to an arthritic, neurological, or orthopedic condition" (R. at 493).  This is a specific functional limitation which must be addressed when this case is remanded.

In light of the numerous errors by the ALJ in her evaluation of the opinions of Dr. Kaur, Dr. Katta, Dr. Schicker, and Dr. Lyche, the court finds that substantial evidence does not support the ALJ's physical RFC findings, or the ALJ's finding that plaintiff can perform past relevant work or other work in the national economy.  This case shall be remanded in order for the defendant to properly evaluate the medical evidence and make new RFC findings.

## V.  Did the ALJ err in evaluating plaintiff's credibility?

Plaintiff has also asserted error by the ALJ in evaluating plaintiff's credibility.  The court will not address this issue because it may be affected by the ALJ's resolution of the case on remand after the ALJ gives proper consideration to the medical source opinions regarding plaintiff's physical

limitations.   <u>See</u> <u>Robinson v. Barnhart</u>, 366 F.3d 1078, 1085 (10th

Cir. 2004).

IT IS THEREFORE ORDERED that the judgment of the

Commissioner is reversed and remanded pursuant to sentence four

of 42 U.S.C. § 405(g) for further proceedings consistent with

this memorandum and order.

Dated this 24th day of January 2017, Topeka, Kansas.


s/Sam A. Crow
Sam A. Crow, U.S. District Senior Judge

16